IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHAN KIRTLEY,                     )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )        Case Number CIV-05-586-C
                                     )
DELONGHI AMERICA, INC., and          )
DELONGHI S.p.A.,                     )
                                     )
                    Defendants.      )

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendant's Motion for Summary Judgment.  Plaintiff filed a Response and the matter is now at issue.

## I.  BACKGROUND

Plaintiff brought the present action asserting an oil filled space heater designed, manufactured, packaged, distributed and/or sold by Defendants was defective.  According to Plaintiff, the defective heater started a fire at his residence which caused personal injury and damaged his real and personal property.  In the alternative to his products liability claim, Plaintiff argues Defendants were negligent in the design, manufacture, packaging, inspection, sale and distribution of the heater.  Plaintiff also raises claims for breach of the warranties of fitness for purpose and merchantability.  Finally, Plaintiff asserts Defendants were negligent in their attempts to recall the heater.

Defendants filed the present motion asserting under the undisputed facts Plaintiff cannot prevail on his claims and therefore, Defendants are entitled to judgment. Defendants argue Plaintiff cannot produce evidence the heater was the cause of the fire. Defendants also challenge the admissibility of the testimony of Mr. Gene Bullington, arguing it fails to pass muster under the standards set forth by <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and its progeny. Finally, Defendants argue that Plaintiff's spoliation of the fire scene has prejudiced them and they are entitled to exclusion of Plaintiff's experts and an adverse inference instruction as a sanction.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." <u>Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.</u>, 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary

2

materials listed in Rule 56(c), except the mere pleadings themselves." <u>Celotex</u>, 477 U.S. at 324.   Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

<u>1.  Cause of the fire.</u>

Defendants argue that Plaintiff's sole cause and origin expert, Mr. Gene Bullington, has testified that he will not offer an opinion that the heater was the cause of the fire. However, as noted by Plaintiff, Plaintiff also intends to call Mr. Gary Hubert, an employee of the Oklahoma State Fire Marshal's Office.  Plaintiff asserts that Mr. Hubert will offer opinion testimony regarding the cause of the fire, specifically that the heater was the cause. The fact that Mr. Hubert will be testifying at trial also resolves Defendants' concerns regarding Mr. Bullington attempting to rely on Mr. Hubert's testimony to offer an opinion regarding the cause of the fire.  Finally, Mr. Hubert's testimony at trial, to address the cause of the fire, negates Defendant's challenge to the negligent recall claim.  Defendants' Motion will be denied on these issues

2.  Validity of Mr. Bullington's Opinions

Defendants challenge Plaintiff's expert Gene Bullington arguing his testimony should be excluded because his opinions fail to satisfy the reliability and relevancy standards required by F.R.E. 702, Daubert and its progeny.  Specifically, Defendants challenge Mr. Bullington's opinion based on his alleged failure to adhere to National Fire Prevention Association ("NFPA") regulation 921, the fact that he does not refer to the subject heater until page 24 of his 27 page report, that his testing was inadequate, that he does not have a degree in metallurgy and that his testing has not been peer reviewed.

Defendants' arguments are without merit.  Defendants' argument that Mr. Bullington failed to adhere to NFPA 921 is focused on his investigation of the fire scene.  While it is true that Mr. Bullington agreed that he could not investigate the fire scene as required by NFPA 921, due to the renovations that had occurred prior to his visit, there was no need for such an inspection by Mr. Bullington.  As noted above, Mr. Hubert will provide testimony regarding the investigation of the fire scene and his opinions arising from that investigation. Mr. Bullington's testimony is limited to his analysis of Defendants' heater, the how and why of the alleged failure of the heater and how and why that failure led to the fire.  Thus, Mr. Bullington's inability to conduct a fire scene investigation under the standards set forth by NFPA 921 is immaterial and does not provide a basis for exclusion of his testimony.

The fact that Mr. Bullington does not mention the subject fire until late in his report is likewise an insufficient basis on which to exclude his testimony.  As explained in his report, Mr. Bullington has a lengthy and extensive history examining Defendants' heaters.

4

In that time, Mr. Bullington has developed various opinions regarding the manner in which Defendants' heaters are defective and how those defects may lead to a fire.  Mr. Bullington spends a substantial portion of his report relaying that history and how it has led to his opinions.  The Court finds this history helpful in understanding the reasoning behind Mr. Bullington's opinion for why the heater in this case caused the subject fire.  Defendants also argue that certain inconsistencies and/or disagreements between Mr. Hubert and Mr. Bullington render Mr. Bullington's opinion invalid.  Defendants note that Mr. Bullington disagrees with Mr. Hubert's opinion that the electrical cord shorted while at the same time agrees with Mr. Hubert that the heater was the origin of the fire.  After review of Mr. Bullington's report and deposition testimony, the Court is not persuaded that the opinions are as diverse as Defendants argue.  To the extent any disagreement exists, it is an issue for cross-examination rather than grounds for excluding testimony.

Defendants challenge Mr. Bullington's ability to testify because he allegedly did not perform a proper test on the subject heater.  Defendants note that Mr. Bullington agrees that he did not perform the same tests as their experts.  Defendants also challenge Mr. Bullington's opinions based his failure to test his hypothesis at the fire scene.  Once again the issues raised by Defendants are more properly addressed through cross-examination.  Mr. Bullington based his opinions regarding the failure of the subject heater on his examination of that heater and a comparison to the failures of heaters he had tested in the past.  If Defendants believe the prior testing was faulty for some reason or is inapplicable to the subject heater they may certainly offer those opinions at trial through their experts and cross-

examination of Mr. Bullington.  However, there is nothing in Defendants' argument that warrants exclusion of Mr. Bullington's testimony.

Defendants challenge Mr. Bullington's ability to offer expert testimony based on the lack of adequate knowledge of metallurgy and because his opinions have not been peer reviewed.  Based on its review of Mr. Bullington's deposition and report, the Court is persuaded he has adequate scientific, technical or other specialized knowledge to offer an opinion regarding the reasons for the failure of the subject heater.  The Court finds it is not necessary the Mr. Bullington possess specialized training in the field of metallurgy to offer the proposed opinions.  Likewise, the Court finds Defendants peer review arguments are without merit.  That the theory explaining this specific incident has not been peer reviewed is not fatal to the opinion.  What is decisive is that the science underlying Mr. Bullington's theories has been adequately peer reviewed and is essentially the same science as that underlying Defendants' experts theories.  Defendants have failed to make any argument that Mr. Bullington improperly applied that science. Accordingly, Defendants' Motion will be denied on this issue.

3.  Spoliation

Defendants argue Plaintiff spoliated the scene by undertaking renovations to his home prior to an inspection of the home by Defendants' experts.  Defendants request the Court issue an adverse inference instruction, exclude Plaintiff's experts from testifying and/or dismiss Plaintiff's case as a sanction for the spoliation.  Defendants rely heavily on Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc., Case No. 97-5089, 1998 WL 68879

(10th Cir. Feb. 20, 1998), to establish the governing law for their claim. However, Jordan is an unpublished case and therefore lacks precedential value. See 10th Cir. R. 36.3.[*] Rather, the issue is governed by Aramburu v. Boeing Co., 112 F.3d 1398 (10th Cir. 1997). There the Circuit stated:

> the general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. The adverse inference must be predicated on the bad faith of the party destroying the records. Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.

Id. at 1407 (internal citations omitted). Here, there is no evidence Plaintiff acted in bad faith in beginning repairs to his home. There is not even a hint of evidence that Plaintiff began removing the contents of his home as a means to prevent Defendants from investigating the scene. Indeed, the evidence presented by Plaintiff in response to Defendants' Motion shows the renovations were begun well before Plaintiff contemplated bringing the present action. Even were the Court to apply the legal standard from Jordan, as argued by Defendants, the claim would still fail. As Defendants note, under that case the second element which must be considered before imposing a sanction is the degree of actual prejudice to the other party. Here, the Court finds Defendants have not been prejudiced. Plaintiff's theory is premised on Defendants' heater being defective. To prevail at trial, Plaintiff must prove to the jury that it is more likely than not that the heater was defective and the cause of the fire.

---

[*] Indeed, this portion of Defendants' brief fails to cite any case having precedential authority on the issue.

Defendants have no obligation to prove anything. There is no dispute that the subject heater was retained and has been made available for analysis and testing by both parties. Based on that analysis and testing of the subject heater, Defendants' experts have unequivocally stated that the heater was not defective and could not have started the fire even if it was defective in the manner proposed by Plaintiff's expert. Thus, there can be no prejudice to Defendants from Plaintiff's repair of his home. Consequently, Defendants' request for sanction based on Plaintiff's alleged spoliation of the fire scene will be denied.

## IV.  CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 58) is DENIED.

IT IS SO ORDERED this 27th day of July, 2006.


ROBIN J. CAUTHRON
United States District Judge